UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA REGINA COLEMAN,<br><br>    Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>    Defendant. | Case No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, ANDREA REGINA COLEMAN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Equifax's principal address is in this District; Plaintiff is a natural person and resident of Fulton County, Georgia; Equifax transacts business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

# FACTUAL ALLEGATIONS

13. Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

14. In or about February 2024, Plaintiff first became aware of inaccurate reporting when she was preparing to purchase a vehicle and reviewed her credit file.

15. On or about April 1, 2024, Plaintiff obtained a copy of her credit report from Equifax. Upon review, Plaintiff observed hard inquiries and personal identifying information, including addresses and Social Security number, which did not belong to her. Further, Plaintiff observed eleven (11) accounts appearing in her credit file which did not belong to her:

| **Furnisher** | **Account** | **Status** |
|---|---|---|
| Comenity Bank/Express | x0034 | Open/Balance $570 |
| THD/CBNA | x3666 | Open/Balance $293 |
| Capital One/Saks Fifth Avenue | x8711 | Open/Balance $687 |
| JPMCB – Card Services | x9537 | Open/Balance $1,812 |
| Capital One | x8472 | Open/Balance $510 |
| Comenity Bank/Victorias Secret | x1952 | Open/Balance $0 |
| Capital One | x3610 | Open/Balance $432 |
| Capital One/Walmart | x5191 | Open/Balance $127 |
| Synchrony Bank/PPC | x6722 | Closed |
| Macys/Citibank, N.A. | x0158 | Closed |
| Self/Lead Bank | x66 | Closed |

16. On or about April 1, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 171203009. In this report, she explained that she was a victim of identity theft or mixed file and that the aforementioned accounts were listed in her credit report.

17. In response to the inaccurate reporting, on or about April 9, 2024, Plaintiff submitted online a detailed written dispute letter to Equifax. In the dispute letter, Plaintiff advised that she believed she was a victim of a mixed file or identity theft due to the erroneous personal identifying information, hard inquiries, and aforementioned accounts appearing in her credit report. To confirm her identity, images of her driver's license and recent banking statement were included in the letter. Further, Plaintiff included images of the erroneous credit reporting, images of the filed FTC Identity Theft Report, and other supporting documents.

18. On or about April 29, 2024, Equifax responded to Plaintiff's detailed written dispute letter and removed the incorrect addresses. However, the incorrect Social Security number and hard inquiries remained. Further, the dispute results stated the following as to the disputed accounts.

| Furnisher | Account | Dispute Results |
|---|---|---|
| Comenity Bank/Express | x0034 | Deleted |
| THD/CBNA | x3666 | Verified as accurate |
| Capital One/Saks Fifth Avenue | x8711 | Verified as accurate |
| JPMCB – Card Services | x9537 | Verified as accurate |

| Capital One | x8472 | Verified as accurate |
| --- | --- | --- |
| Comenity Bank/Victorias Secret | x1952 | Verified as accurate |
| Capital One | x3610 | Verified as accurate |
| Capital One/Walmart | x5191 | Verified as accurate |
| Synchrony Bank/PPC | x6722 | Deleted |
| Macys/Citibank, N.A. | x0158 | Verified as accurate |
| Self/Lead Bank | x66 | Verified as accurate |

19. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

20. Equifax never attempted to contact Plaintiff during the alleged investigation.

21. In response to the continued inaccurate reporting, on or about May 8, 2024, Plaintiff submitted a second detailed written dispute letter to Equifax. In the dispute letter, Plaintiff reiterated that she believed she was a victim of a mixed file or identity theft due to the erroneous personal identifying information, hard inquiries, and aforementioned accounts appearing in her credit report. To confirm her identity, images of her driver's license and recent banking statement were included in the letter. Further, Plaintiff included images of the erroneous credit reporting, images of the prior dispute results, images of the filed FTC Identity Theft Report, and other supporting documents.

22. As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax.

23. Despite providing Equifax with all the relevant information needed to prove she was a victim of a mixed file or identity theft, Equifax continued to report inaccurate and erroneous personal identifying information, hard inquiries, and accounts. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint. Plaintiff has postponed purchasing a vehicle due to Equifax's actions and inactions.

24. Equifax has never attempted to contact Plaintiff about any of her disputes, and she continues to suffer as of the filing of this Complaint with Equifax's reluctance to conduct a thorough investigation.

25. Due to the action and/or inactions of Equifax, Plaintiff's application for an automobile loan was denied.

26. As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Equifax's actions;

    iv.    Loss of the ability to benefit from lower interest rates;

    v.    Denial for credit;

    vi.    Apprehensiveness to apply for new credit due to the fear of rejection; and

    vii.    Defamation as Equifax published inaccurate information to third party entities.

## **CAUSES OF ACTION**

### **COUNT I**
### **Violations of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Equifax Information Services LLC (Negligent)**

27. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-six (26) above as if fully stated herein.

28. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

29. Equifax allowed for numerous Furnishers to report inaccurate information on an account.

30. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

31. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

32. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

33. Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

34. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; denial for credit; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for new credit, and the damages otherwise outlined in this Complaint.

35. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANDREA REGINA COLEMAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

37. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-six (26) above as if fully stated herein.

38. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

39. Equifax allowed for numerous Furnishers to report inaccurate information on an account.

40. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

41. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

42. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

43. Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

44. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; denial for credit; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for new credit, and the damages otherwise outlined in this Complaint.

45. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

46. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANDREA REGINA COLEMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

47. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-six (26) above as if fully stated herein.

48. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

49. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

50. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; denial for credit; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for new credit, and the damages otherwise outlined in this Complaint.

51. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ANDREA REGINA COLEMAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

53. Plaintiff re-alleges and reincorporates paragraphs one (1) through twenty-six (26) above as if fully stated herein.

54. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

55. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

56. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; denial for credit; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for new credit, and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

58. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ANDREA REGINA COLEMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANDREA REGINA COLEMAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 13th day of May 2024.

                                              Respectfully Submitted,

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Secondary email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*